UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KEVIN O'NEILL,
        Plaintiff,

v.                                       Case No. 06C0671

UNITED STATES DEPARTMENT
OF JUSTICE, FEDERAL BUREAU OF
INVESTIGATION,
        Defendant.

## ORDER

Pro se plaintiff Kevin O'Neill brings this Freedom of Information Act ("FOIA") action under 5 U.S.C. § 552 and/or 18 U.S.C. § 2518(8)(b), asking for the production of agency records relative to electronic surveillance of plaintiff by the FBI. Defendant denies that it has such records. Before me is plaintiff's motion to compel defendant to comply with certain discovery requests. Plaintiff appears to seek the names of FBI personnel who applied for authorization to intercept his oral communications, a partial copy of which authorization is in the appendix to plaintiff's complaint.[1] (Appx. at 7-8). Plaintiff also seeks a sworn declaration from such FBI personnel regarding to the existence and location of their application(s) and the records of any authorized interceptions.

Under Fed. R. Civ. P. 37, a party is permitted to file a motion to compel discovery where another party fails to respond to a discovery request or where the party's response is evasive or incomplete. See Fed. R. Civ. P. 37(a)(2) and (3).

---

[1]Apparently, plaintiff obtained this application through an earlier, more successful request for information under FOIA.

The party seeking discovery must first direct his request to the opposing party. Civ. L.R. 37.1 (E.D. Wis.). If the opposing party fails to provide the materials, the party must then "personal[ly] consult[ ]" with the opposing party and "attempt[ ] to resolve their differences." Id. If the party is still unable to obtain discovery, he may file a motion to compel pursuant to Fed. R. Civ. P. 37(a). Here, plaintiff has not asserted that he asked defendant for the requested materials, much less that he attempted to resolve any differences with respect to the requests. However, defendant's opposition to plaintiff's motion indicates that defendant has refused – or would refuse – to comply with plaintiff's motion. As such, I will address plaintiff's motion.

A motion to compel discovery pursuant to Rule 37(a) is addressed to the sound discretion of the trial court. EEOC v. Klockner H & K Machs., 168 F.R.D. 233, 235 (E.D. Wis. 1996) (citation omitted). In exercising its discretion, the court must be mindful that parties are permitted to obtain discovery "regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action[.]" Fed. R. Civ. P. 26(b)(1).

The information that plaintiff seeks is irrelevant to his case. Defendant claims that it does not have the records that were the subject of plaintiff's FOIA request. Thus, the issue here is whether defendant met its FOIA burden to conduct a reasonable search for the records before concluding that it did not have them. See Becker v. IRS, 34 F.3d 398, 406 (7th Cir. 1994) (stating that the issue in that FOIA case was whether the search for documents was reasonable). As such, the identity of the original applicant for authorization to intercept plaintiff's communications is irrelevant, as is that applicant's knowledge of the location of the

recorded interceptions, given that there is no reason to believe that the applicant is also the person who processed plaintiff's FOIA request, and thus his knowledge is irrelevant to the adequacy of the FBI's response to plaintiff's request. This is particularly clear given that defendant notes in its brief that the Department of Justice "comprises numerous bureaus, divisions, and offices," (Def.'s Brief in Opp. at 3), and plaintiff's FOIA request was directed only to the FBI's Milwaukee office.

**THEREFORE, IT IS ORDERED** that plaintiff's motion to compel is **DENIED**.

Dated at Milwaukee, Wisconsin, this 7 day of December, 2006.

/s_____
LYNN ADELMAN
District Judge