UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**KEVIN O'NEILL,**
       **Plaintiff,**

    **v.**                                                **Case No. 06C0671**

**UNITED STATES DEPARTMENT
OF JUSTICE, FEDERAL BUREAU OF
INVESTIGATION,**
       **Defendant.**

---

## DECISION AND ORDER

Pro se plaintiff Kevin O'Neill brought this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking the production of records relating to the FBI's electronic surveillance of him.[1] Before me are plaintiff's motion for judicial notice and defendant's motion for summary judgment.

### I. BACKGROUND

Plaintiff is currently serving a life sentence based on his 2000 conviction of a number of federal offenses arising out of his activities as the leader of a motorcycle gang. Plaintiff believes that the government withheld information from him about FBI electronic surveillance, and in June 2005, he made a FOIA request of the FBI's Milwaukee office, stating:

> I am requesting another search of your office (to include the Madison Resident Agency and Kenosha), to search for records related to any

---

[1] Plaintiff also attempts to assert a claim under 18 U.S.C. § 2518(8)(b), which governs applications for electronic surveillance. However, his attempt fails because § 2518(8)(b) governs a district court's maintenance of a surveillance application, not the FBI's maintenance of a copy of such application, and moreover does not create a private right of action.

electronic surveillance that was performed as indicated by [a portion of a Department of Justice document referring to electronic surveillance of plaintiff].

Pursuance to 5 U.S.C. § 552(a)(3)(D), I would request your search for records include manual and automated methods. Furthermore, in the event these search methods fail to locate responsive documents/records, "agency personnel should be contacted if there is a close nexus . . . between [a] person and the particular record." Valencia-Lucena v. United States Coast Guard, 180 F.3d 321, 327 (D.C. Dir. 1999); Nation Magazine v. U.S., 71 F.3d 885, on remand, 937 F. Supp. 39, 43-44 (D.D.C. 1996). Here, FBI special agents, Himebach, Parker (Madison), and Grant Mendenhal (sp?) (Kenosha), were specifically assigned to investigate this requester and other members of the Outlaws Motorcycle Club from Madison.

(Hardy Decl. Ex. A at 1-2.)

On August 31, 2005, the FBI denied plaintiff's request stating that "[t]he records you seek appear in an investigative file that is exempt from disclosure pursuant to Title 5, United States Code, Section 552, subsections (b)(2), (b)(7)(A), (b)(7)(C), (b)(7)(D) and (b)(7)(F)." (Hardy Decl. Ex. C.) Plaintiff administratively appealed, and his appeal is presently pending.[2] The FBI now asserts that its response to plaintiff's FOIA request was mistaken and that its Milwaukee office simply has no records responsive to the request.

I will state additional facts in the course of the decision.

## II. MOTION FOR JUDICIAL NOTICE

Plaintiff argues that the FBI's assertion that it has no records relating to electronic surveillance of him is untrue and asks me to take judicial notice of a document or documents that he claims show that the FBI electronically surveilled him and must have

---

[2]Plaintiff subsequently discovered that he filed the appeal under the wrong FOIA request number. This mistake likely caused the resolution of the appeal to be delayed. (See Hardy Decl. ¶ 14-15.)

2

records relating to such surveillance. In support of his motion for judicial notice, plaintiff submits a declaration that the documents are copies of originals obtained from the Department of Justice ("DOJ"); a letter from the FOIA chief of the DOJ's Criminal Division stating that he provided the documents in response to plaintiffs FOIA request for access to the Division's records concerning an "Authorization for Interception Order Application." (Pl.'s Apr. 7, 1007 Mot. for Judicial Notice Ex. E.1.) Plaintiff also submits portions of an application (or applications) by the Bureau of Alcohol, Tobacco and Firearms ("ATF") for electronic surveillance, stating that "[t]he FBI is also seeking continued authorization to intercept oral communications within the residence located at [redacted] excluding bedrooms and bathrooms." (Id. Ex. E.4, E.5.) Plaintiff also submits an ATF report stating that an agent met with someone "in reference to FBI's offer to install the monitoring devices in O'Neill's residence, if deemed necessary." (Id. Ex. F.) Plaintiff further submits an internal FBI memorandum referring to an ATF request for FBI assistance in installing "microphone coverage" at a Racine, Wisconsin, residence. (Id. Ex. G.)

     A court should take judicial notice of any fact that is "not subject to reasonable dispute in that it is . . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Denius v. Dunlap, 330 F.3d 919, 926 (7th Cir. 2003). Courts generally take judicial notice of obvious facts, such as the capital of Wisconsin, or of publically available public documents, such as court orders. I decline to take judicial notice of the documents submitted by plaintiff because they are not proper subjects of judicial notice; they are not obvious facts or publically available documents. However, in submitting these documents, plaintiff has authenticated them. Thus, it is not necessary to take judicial notice of them. Although plaintiff should have filed the

3

authenticated documents earlier, I will take into consideration his pro se status and consider them in connection with the FBI's motion for summary judgment. However, I note that the documents are incomplete and somewhat confusing. They do not clearly indicate what role, if any, the FBI played in any surveillance of plaintiff, and (more important to the present case) they do not clarify what files regarding surveillance of plaintiff, if any, are currently in the FBI's possession.

### III.  MOTION FOR SUMMARY JUDGMENT

#### A.      Summary Judgment Standard

Summary judgment is required "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In evaluating a motion for summary judgment, I must draw all inferences in a light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). FOIA cases are particularly amenable to resolution through summary judgment, as there are generally no facts in dispute. Justin D. Franklin & Robert F. Bouchard, 1 Guidebook to the Freedom of Information and Privacy Acts § 1:87 (2006).

#### B.      FOIA Requirements

FOIA requires federal agencies to disclose government documents in order to serve the "basic purpose of ensuring an informed citizenry, vital to the functioning of a democratic society." Solar Sources, Inc. v. United States, 142 F.3d 1033, 1037 (7th Cir. 1998), quoting NLRB v. Robbins Tire & Rubber Co., 437 U.S. 214 (1978). Upon receipt

4

of a request for government records that are reasonably described, FOIA requires a governmental agency holding such records to promptly make them available unless they fall within one of FOIA's several exceptions. § 552.

In determining whether it holds requested records, an agency must make a "good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." Nation Magazine v. U.S. Customs Serv., 71 F.3d 885, 890 (D.C. Cir. 1995) (internal quotations omitted). The agency is required to construe a FOIA request liberally and cannot limit its search to only one record system if there are others that are likely to turn up the information requested, id., but an agency with field offices in various locations generally need only search the office where the FOIA request was filed, Kowalczyk v. Dept. of Justice, 73 F.3d 386, 389 (D.C. Cir. 1996).

An agency claiming that it conducted an adequate FOIA search but found no responsive records is entitled to summary judgment if it submits clear, specific and reasonably detailed affidavits showing that it conducted a reasonable FOIA search for the requested records and the record contains no evidence of bad faith. Id.

**C.    Analysis**

The FBI submits the declaration of supervisor David M. Hardy, stating that it has at least two systems for collecting and maintaining information: the "ELSUR indices," which contain information on electronic surveillance, and the Central Records System ("CRS"), which contains other investigative information. (Hardy Decl. at ¶ 16-17.) Hardy states that each ELSUR entry identifies the person surveilled, the date of the surveillance, a source number and the location of the field office that conducted the surveillance. He

5

further states that the FBI maintains a master index of its surveillance activities, and each field office maintains its own index.  (Id. at ¶ 17-19.)  Hardy does not describe the information contained in the CRS.  Hardy states he originally understood that plaintiff's request to cover both the ELSUR and CRS databases and that the FBI found no ELSUR entry relating to plaintiff in the Milwaukee field office but did locate a file on plaintiff in the CRS and that it referenced this file in its August 31, 2005 response, stating that it fell within FOIA exceptions.  Hardy states that upon further review, the FBI determined that plaintiff only sought access to the ELSUR database, hence its statement that the Milwaukee field office simply has no records responsive to the request.

The Hardy declaration is insufficient to establish that the FBI conducted a reasonable search for records responsive to plaintiff's request.  Plaintiff requested all "records related to any electronic surveillance" of him; one need not interpret this request liberally to understand that he sought records referring to a particular subject, not records confined to a specific database.  The Hardy declaration does not include any statement that ELSUR is the only information system that could conceivably contain information responsive to plaintiff's request, and it does not preclude the possibility that plaintiff's CRS file contains information related to electronic surveillance.[3]  See Oglesby v. U.S. Dep't of Army, 920 F.2d 57, 68 (D.C. Cir. 1990) (stating that an "agency cannot limit its search to only one record system if there are others that are likely to turn up the information requested" and that "[a]t the very least," the agency must "explain in its

---

[3]Indeed, if the FBI or some other federal agency did conduct electronic surveillance of plaintiff, the investigative file would likely note such surveillance and contain information about it.  And the FBI's initial letter to plaintiff stating that "[t]he records you seek appear in an investigative file" indicates that this is so.  (See Hardy Decl. Ex. C.)

6

affidavit that no other record system was likely to produce responsive documents"). Further, even if the CRS does not contain information relating to electronic surveillance, the Hardy affidavit does not assert that the FBI does not have some other third information storage system that could contain responsive documents.

Thus, based on the present record, I cannot grant defendant's motion for summary judgment. The parties are free to file additional motions.

Therefore,

**IT IS ORDERED** that plaintiff's motion for judicial notice is **DENIED**.

**IT IS FURTHER ORDERED** that defendant's motion for summary judgment is **DENIED**.

**IT IS FURTHER ORDERED** that the parties may file further dispositive motions through July 30, 2007.

Dated at Milwaukee, Wisconsin, this 22 day of May, 2007.

/s_____
LYNN ADELMAN
District Judge