# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**KEVIN O'NEILL,**
        **Plaintiff,**

        **v.**                                                  **Case No. 06C0671**

**UNITED STATES DEPARTMENT
OF JUSTICE, FEDERAL BUREAU OF
INVESTIGATION,**
        **Defendant.**

## DECISION AND ORDER

In 2005, pro se plaintiff Kevin O'Neill, a federal prisoner, submitted a request for documents to the FBI's Milwaukee office under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. He requested records related to electronic surveillance of him. When the office did not turn over any records, plaintiff brought this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the federal statute authorizing interception of electronic communications, 18 U.S.C. § 2518(8)(b). On November 22, 2006, defendant moved for summary judgment, asserting that it had no records responsive to plaintiff's request. On May 22, 2007, I dismissed plaintiff's claim under § 2518 in a footnote, noting that the statute did not create a private right of action or govern the FBI's maintenance of its records. But I denied defendant's motion for summary judgment after finding that defendant had not clearly shown that it conducted an adequate search for records responsive to plaintiff's FOIA request. Defendant has since filed a second motion for summary judgment, along with additional evidence.

I now find that there is no genuine issue of material fact as to defendant's search for records responsive to plaintiff's FOIA request and conclude that defendant is entitled

to judgment as a matter of law. See Fed. R. Civ. P. 56(c). In determining whether it holds records responsive to a FOIA request, an agency must make a "good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." Nation Magazine v. U.S. Customs Serv., 71 F.3d 885, 890 (D.C. Cir. 1995). An agency claiming that it has no responsive records is entitled to summary judgment if it submits detailed affidavits showing that it conducted a reasonable search for the requested records and there is no evidence of bad faith. Kowalczyk v. Dept. of Justice, 73 F.3d 386, 389 (D.C. Cir. 1996). In my May 22 decision, I noted that defendant had presented evidence that it maintains at least two systems for collecting and maintaining information – the ELSUR indices and the Central Records System ("CRS") – and had presented evidence that the ELSUR indices contained no responsive records. However, I found that defendant had not prevented evidence that the CRS contained no responsive records or that there was not some third (or fourth or fifth) information storage system that could contain responsive records. Along with its second motion for summary judgment, defendant has presented the missing evidence – a detailed affidavit showing that defendant searched both the ELSUR indices and the CRS under several search terms, neither of these systems contain any responsive records, and there is no other system likely to contain such records.

Plaintiff argues that defendant should interview the assistant United States attorney, the Bureau of Alcohol, Tobacco and Firearms ("BATF") agents, and the FBI agents who he believes were involved in the electronic surveillance of him. Plaintiff only requested records from the FBI's Milwaukee office. If he wants records from the United States Attorney's office or from the BATF, he must submit a FOIA request to those

agencies. See Kowalczyk v. Dept. of Justice, 73 F.3d 386, 389 (D.C. Cir. 1996); Hughes v. United States, 701 F.2d 56, 58 (7th Cir. 1982). Moreover, plaintiff has not offered compelling evidence or legal argument supporting his assertion that the FBI should interview its own agents, much less other agencies' employees. Plaintiff cites to a case in which a FOIA plaintiff requested a Coast Guard log book, portions of which were read at his criminal trial, and the D.C. Circuit suggested that the Coast Guard should ask the employee who read the book what he did with it after trial. Valencia-Lucena v. U.S. Coast Guard, 180 F.3d 321, 327-28 (D.C. Cir. 1999). The present case is distinguishable. Here, it is unclear whether the requested documents ever existed and defendant has submitted evidence that, if such documents currently exist, they would be referenced in the ELSUR indices or the CRS. Further, plaintiff has offered no reason to believe that FBI agents involved in surveillance of him more than a decade ago would know of the present whereabouts of records related to such surveillance.

An agency must show only that its search for documents responsive to a FOIA request was reasonable, not that it was exhaustive or that every document was located. Miller v. United States Dep't of State, 779 F.2d 1378, 1383 (8th Cir. 1985); Zemansky v. United States Envtl Prot. Agency, 767 F.2d 569, 571 (9th Cir. 1985). In the present case, defendant has submitted evidence showing that its search for documents responsive to plaintiff's request was reasonable. Plaintiff has not submitted evidence of bad faith sufficient to undermine this evidence.

**Therefore,**

**IT IS ORDERED** that defendant's motion for summary judgment is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**.

**IT IS FURTHER ORDERED** that the clerk of court enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 26 day of October, 2007.

/s_____
LYNN ADELMAN
District Judge

4

Case 2:06-cv-00671-LA   Filed 10/26/07   Page 4 of 4   Document 55