# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**KEVIN O'NEILL,**
        Plaintiff,

v.                                            Case No. 06C0671

**UNITED STATES DEPARTMENT
OF JUSTICE, FEDERAL BUREAU OF
INVESTIGATION,**
        Defendant.

## ORDER

In 2005, pro se plaintiff Kevin O'Neill, a federal prisoner, submitted a request for documents to the FBI's Milwaukee office regarding that agency's electronic surveillance of him under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. When the office did not turn over any records, plaintiff brought this action under FOIA and the federal statute authorizing interception of electronic communications, 18 U.S.C. § 2518(8)(b). Defendant moved for summary judgment on the ground that it had made a good faith effort to locate the requested records but had not found any records responsive to plaintiff's request. On October 26, 2007, I granted defendant's motion for summary judgment and the clerk of court entered judgment. Before me is plaintiff's motion to reopen the case, unseal the requested records and order "the government" to release the requested records.

Substantive motions filed more than ten days after the entry of judgment are evaluated under Rule 60. Ingram v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 371 F.3d 950, 952 (7th Cir. 2004). A "substantive" motion is one "that if granted would result in a substantive alteration in the judgment rather than just in a correction of a clerical error or in a purely procedural order such as one granting an extension of time within which to file

something." Britton v. Swift Transp. Co., Inc., 127 F.3d 616, 619 (7th Cir. 1997) (internal quotation marks and citation omitted). Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence. Fed. R. Civ. P. 60(b). Rule 60(b)(6) permits reopening when the movant shows "any . . . reason justifying relief from the operation of the judgment" other than the more specific circumstances set out in Rules 60(b)(1)-(5). Id.

In his motion, plaintiff states that, in 2005, he submitted a FOIA request to the Executive Office for United States Attorneys (EOUSA) that was nearly identical to the one that he submitted to the FBI. On January 24, 2008, the EOUSA informed plaintiff that it has the requested records but will not release them pursuant to a FOIA exception. Plaintiff does not make any Rule 60(b) argument, but I presume that plaintiff thinks this new information amounts to newly discovered evidence or (given that plaintiff asks me to sanction defendant) evidence of fraud. However, plaintiff's new information does not affect this action. Though, in his motion, plaintiff states that the "government" inaccurately claimed that the records did not exist, this is not true; rather, the FBI claimed that it did not have any records responsive to plaintiff's request.[1] The defendant in this case is the FBI, not the entire federal government. In my October 26, 2007 decision, I noted:

> Plaintiff argues that defendant should interview the assistant United States attorney, the Bureau of Alcohol, Tobacco and Firearms ("BATF") agents, and the FBI agents who he believes were involved in the electronic surveillance of him. Plaintiff only requested records from the FBI's Milwaukee office. If

---

[1]Plaintiff's new information supports defendant's claim that it does not have records related to electronic surveillance of him; apparently, the EOUSA, rather than the FBI, has such records.

2

he wants records from the United States Attorney's office or from the BATF, he must submit a FOIA request to those agencies. See Kowalczyk v. Dept. of Justice, 73 F.3d 386, 389 (D.C. Cir. 1996); Hughes v. United States, 701 F.2d 56, 58 (7th Cir. 1982).

O'Neill v. United States Department of Justice, FBI, No. 06-C-671 (E.D. Wis. Oct. 26, 2007).

Apparently, plaintiff did submit a request to the EOUSA, and that office has confirmed that it has the requested records. If plaintiff wants to challenge that agency's decision to not release the records, he will have to file a new action against the proper defendant regarding the appropriate FOIA request. There is no basis for reopening plaintiff's case against the FBI.

**For the foregoing reasons,**

**IT IS ORDERED** that petitioner's motion to reopen his case, unseal records and release records is **DENIED**.

Dated at Milwaukee, Wisconsin, this 7 day of April, 2008.

/s_____
LYNN ADELMAN
District Judge